IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA | : | CASE NO. 8 20 64 |
| --- | --- | --- |
| Plaintiff, | : | J. COLE |
| v. | : | |
| KEVIN EARL ALEXANDER, JR. (1) (COUNTS 1, 2, 3, 4, 6 & 9) | : | INDICTMENT 18 U.S.C. § 2 18 U.S.C. § 371 |
| DEMETRIUS HICKS (2) (COUNTS 1, 2, 3, 5, 6, 10 & 11) | : | 18 U.S.C. § 922(g) 18 U.S.C. § 1028A(a)(1) 18 U.S.C. § 1029(a)(1) |
| TYSON KENNETH THOMAS, (3) (COUNTS 1 & 7) | : | 18 U.S.C. § 1029(a)(2) 18 U.S.C. § 1029(a)(3) 18 U.S.C. § 1029(a)(4) |
| DARRELL TOSHE WHITE, (4) (COUNT 1 & 8) | : | 18 U.S.C. § 1029(b)(2) FORFEITURE |
| ISAIAH COOPER (5) (COUNT 1) | : | |
| Defendants. | : | |

**THE GRAND JURY CHARGES THAT:**

<u>COUNT 1</u>
[18 U.S.C. §§ 371 and 1029(b)(2)]

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, both dates being inclusive, while in the Southern District of Ohio and elsewhere, defendants **KEVIN EARL ALEXANDER, JR., DEMETRIUS HICKS, TYSON KENNETH THOMAS, DARRELL TOSHE WHITE, ISAIAH COOPER**, and an unindicated co-conspirator whose identity is known to the Grand Jury as "S.S.", along with other individuals, both known and unknown to the Grand Jury, did knowingly and willfully

combine, conspire, confederate and agree, by and between themselves, to commit certain offenses against the United States, to wit: aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and access device fraud in violation of 18 U.S.C. §§ 1029(a)(1), (a)(2), (a)(3), and (a)(4).

## OBJECTS OF THE CONSPIRACY

It was an object of the conspiracy for the conspirators to engage in a calculated fraud scheme designed to illicitly steal large quantities of retail gasoline from various local Dayton, Ohio area gas stations and convenience stores through the use of unauthorized and counterfeit access devices, to wit: gift cards, credit cards and debit cards, that had been illegally re-encoded with stolen account numbers.

It was further an object of the conspiracy for the conspirators to conceal, disguise and insulate their respective identities and roles played in carrying out this fraud scheme and artifice from: the owner/operators of the victim gas stations and convenience stores; the actual credit card and debit card account owners, the financial institutions which originally issued and managed the credit card and debit card accounts, law enforcement officials; and prosecution authorities.

It was further an object of this conspiracy for the conspirators to directly and indirectly enjoy the various criminal fruits, proceeds and benefits of the fraud scheme.

## THE MANNER AND MEANS

It was part of the conspiracy that the defendants would employ deceit, craft, trickery and other dishonest means to access encrypted internet web sites located on the so-called "Dark-Web" in order to acquire and purchase stolen personal identification information to include: personal names, personal addresses, social security numbers, passwords, credit card account numbers that previously had been assigned to individuals by various credit card issuers and other financial institutions located throughout the United States.

2

It was further part of the conspiracy that the defendants would thereafter re-encode these stolen credit card account numbers onto certain previously acquired gift cards, credit cards and debit cards they had obtained through the use of a variety of device making implements as defined in 18 U.S.C. § 1029(e)(6).

It was further part of the conspiracy that the defendants would thereafter post notices on designated Facebook social media pages and "blast" text messages which advertised and notified the future time, date and location of specific Dayton, Ohio area gas stations and convenience stores where members of the conspiracy would be providing "customers" of the conspiracy illicit gasoline "fill-ups" for motor vehicles using the aforesaid unauthorized and counterfeit access devices, in return for typical cash payments to members of the conspiracy of between approximately $20.00 - $30.00 per fill-up.

It was further part of the conspiracy that the defendants would utilize various forms and means of interstate electronic communication to communicate by and between themselves, their "customers" and certain "Dark Web" internet sites, to include cellular telephones, iPhones, iPads, and laptop computers.

**OVERT ACTS**

In furtherance of this conspiracy, and to effect the object thereof, at least one member of the conspiracy committed at least one of the following overt acts while in the Southern District of Ohio.

   a. On or about February 24, 2018, an unindicted co-conspirator identified as "S.S." purchased and titled a 2006 silver Chrysler 300 automobile bearing VIN # 2C3LK53G36H473574 which would later be used and driven by defendant **KEVIN EARL ALEXANDER, JR.**

   b. On or about September 5, 2018, defendant **KEVIN EARL ALEXANDER, JR.** sent various text messages to an unidentified individual referenced as "C.J."

3

concerning the scheduling of upcoming illicit gasoline "fill ups" to be held at local Dayton-area gas stations.

c. On or about September 26, 2018, defendant **KEVIN EARL ALEXANDER, JR.** sent various text messages to an unidentified individual referenced as "C.J." concerning the subject of acquiring and using of illicit gift cards.

d. On or about October 2, 2018, defendant **KEVIN EARL ALEXANDER, JR.** sent various text messages to an unidentified individual referenced as "C.J." concerning the scheduling of upcoming illicit gasoline "fill ups" to be held at local Dayton-area gas stations.

e. On or about November 21, 2018, defendant **DEMETRIUS HICKS** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-9566 while present inside the United Dairy Farmers (UDF) Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

f. On or about November 23, 2018, defendant **KEVIN EARL ALEXANDER, JR.** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-8564 while present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

g. On or about December 2, 2018, defendant **DEMETRIUS HICKS** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-0629 while present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

h. On or about December 3, 2018, defendants **DEMETRIUS HICKS** and **ISAIAH COOPER** were present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

i. On or about December 4, 2018, defendant **ISAIAH COOPER** was present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

j. On or about December 4, 2018, defendant **DEMETRIUS HICKS** was present at approximately 10:25 AM inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

k. On or about December 4, 2018, defendant **DEMETRIUS HICKS** was present at approximately 5:55 PM inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

l.  On or about December 4, 2018, defendant **DEMETRIUS HICKS** was present at approximately 9:45 PM inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

m.  On or about December 5, 2018, defendant **KEVIN EARL ALEXANDER, JR.** was present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

n.  At approximately 6:57 PM, on December 6, 2018, defendant **DEMETRIUS HICKS** sent a "blast" text message to approximately 102 separate individuals announcing "$25 fill ups spread the word" announcing that fraudulent gasoline "fill ups" were to be held at the 1217 Brown Street UDF Store.

o.  At approximately 11:06 AM on December 7, 2018, defendant **DEMETRIUS HICKS** sent a "blast" text message to approximately 18 separate individuals announcing illicit gasoline "fill ups" were scheduled to be held at the 1217 Brown Street UDF Store.

p.  On or about December 7, 2018, defendant **ISAIAH COOPER** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-8684 while present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

q.  On or about December 10, 2018, defendant **DEMETRIUS HICKS** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-4797 while present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

r.  On or about December 12, 2018, defendant **DEMETRIUS HICKS** possessed a counterfeit gift card which had an illicitly re-encoded Visa credit card account number ending in xxx-1454 while present inside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being committed.

s.  On or about December 13, 2018, defendant **DEMETRIUS HICKS** was present outside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 speaking on a cellphone while fraudulently pumping gasoline into various third party cars using one or more credit cards or gift cards.

t.  At approximately 4:10 PM on December 14, 2018, defendant **DEMETRIUS HICKS** sent a "blast" text message to approximately 13 separate individuals announcing an upcoming gasoline "fill up" which was to be held at the 1217 Brown Street UDF Store.

u. On or about December 14, 2018, defendants **KEVIN EARL ALEXANDER, JR.**, **ISAIAH COOPER** and **DEMETRIUS HICKS** drove to the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 in a single pickup truck just prior to orchestrating and participating in a fraudulent gasoline "fill ups" episode.

v. On or about December 14, 2018, defendants **KEVIN EARL ALEXANDER, JR.**, **ISAIAH COOPER** and **DEMETRIUS HICKS** were present both inside and outside the UDF Store located at 1217 Brown Street, Dayton, Ohio 45402 while fraudulent gasoline "fill ups" were being conducted.

w. On or about January 31, 2019, defendant **DEMETRIUS HICKS** while at or near 1901 S. Gettysburg Avenue, Dayton, Ohio 45417 was found in possession of 4 gift cards which were illicitly encoded with credit card information.

x. On or about March 1, 2019, an unindicted co-conspirator identified as "S.S." purchased and titled a 2012 Dodge Charger bearing VIN # 2C3CDXBG3CH298133 which would later be primarily used and driven by defendant **KEVIN EARL ALEXANDER, JR**.

y. On or about March 15, 2019, defendant **DEMETRIUS HICKS** while at the Hampton Inn located at or near 8960 Mall Ring Road, Miamisburg, Ohio 45342 was found in possession of a VISA card embossed with account no. xxxx-xxxx-xxxx-8294 which was illicitly encoded with account no. xxxx-xxxx-xxxx-1272.

z. On or about March 15, 2019, defendant **DEMETRIUS HICKS** while at the Hampton Inn located at or near 8960 Mall Ring Road, Miamisburg, Ohio 45342 was found in possession of 17 gift cards which had magnetic strips containing illicitly encoded credit card account numbers.

aa. On or about April 8, 2019, at approximately 7:01 PM, defendant **DEMETRIUS HICKS** conducted a YAHOO internet search concerning the subject of "card reader writer" using his HP ProBook 4430S laptop computer.

bb. On or about April 18, 2019, at approximately 4:46 PM, defendant **DEMETRIUS HICKS** created a file entitled Swerve.txt on his HP ProBook 4430S laptop computer. This file contained 86 VISA credit card account numbers originating from the First National Bank of Omaha, TCM Bank and the Bank of Gonzales.

cc. On or about June 15, 2019, at approximately 3:47 AM, defendant **DEMETRIUS HICKS** created a file entitled Order #2581511.txt on his HP ProBook 4430S laptop computer. This file contained 51 VISA Platinum credit card account numbers originating from various financial institutions to include: Barclays Bank, Wells Fargo Bank, and US Nation Bank.

dd. On or about June 17, 2019, at approximately 10:30 PM, defendant **DEMETRIUS HICKS** created a file entitled Order #2594988.txt on his HP ProBook 4430S laptop

computer. This file contained 48 VISA Platinum credit card account numbers originating from First National Bank of Omaha.

ee. On or about June 17, 2019, at approximately 9:55 PM, defendant **DEMETRIUS HICKS** created a file entitled Order $RMUEAXW.txt on his HP ProBook 4430S laptop computer. This file contained certain personal identification information concerning two individuals identified as "J.M." and "V. F.- A.", to wit: credit card account numbers, CVV numbers, social security numbers, passwords to I-Cloud accounts and the personal addresses.

ff. On or about June 30, 2019, at approximately 8:16 PM, defendant **DEMETRIUS HICKS** created a file entitled 555c.txt on his HP ProBook 4430S laptop computer. This file contained 9 VISA Platinum credit card account numbers with corresponding expiration dates all originating from US Bank.

gg. On or about June 30, 2019, at approximately 5:56 PM, defendant **DEMETRIUS HICKS** created a file entitled cap1.txt on his HP ProBook 4430S laptop computer. This file contained 16 VISA Platinum credit card account numbers with corresponding expiration dates all originating from US Bank.

hh. On or about July 1, 2019, while at the Hilton Garden Inn located at or near 12000 Innovation Drive, Miamisburg, Ohio 45342, defendant **DEMETRIUS HICKS**, was found in possession of a HP ProBook 4430S laptop computer, a credit card reader, writer and encoding device, and 5 gift cards with illicitly encoded credit card information.

ii. On or about August 15, 2019, defendant **KEVIN EARL ALEXANDER, JR.** while at or near *The Greene* Shopping Mall located in Beavercreek, Twp. Ohio possessed a magnetic strip reader, a laptop computer and approximately 48 plastic gift cards, of which approximately 47 contained illicitly encoded credit card information.

jj. Between on or about July 25, 2019 and September 4, 2019, defendant **KEVIN EARL ALEXANDER, JR.** was found to be in possession of : 7 blank plastic gift cards with illicitly encoded credit card information, 5 gift cards embossed with the name "Kevin Alexander" which had illicitly encoded credit card information, 35 gift cards with illicitly encoded credit card information, and a social security card for a "S.L.P., Jr." bearing no. xxx-xx-8207, all located in the aforesaid 2012 Dodge Charger then parked outside his 426 Rockcliff Circle, Dayton, Ohio 45406 residence.

kk. Between on or about July 25, 2019 and September 4, 2019, defendant **KEVIN EARL ALEXANDER, JR.** was found to be in possession of 3 blank plastic gift cards with illicitly encoded credit card information, all located in the aforesaid 2006 Chrysler 300 then parked outside his 426 Rockcliff Circle, Dayton, Ohio 45406 residence.

ll. On or about September 20, 2019, defendant **TYSON KENNETH THOMAS**, was at the Marathon Gas Station located at 3905 N. Main Street, Harrison Township, Ohio 45405 fraudulently pumping gasoline and collecting cash from third party patrons.

mm. On or about October 20, 2019, defendant **TYSON KENNETH THOMAS**, was at Sammy's Gas Station located at 1290 Woodman Drive, Riverside, Ohio swiping credit cards and fraudulently pumping gas into third party's vehicles.

nn. On or about October 27, 2019, defendant **TYSON KENNETH THOMAS** while at or near 307 S. Woodward Ave, Dayton, Ohio possessed a magnetic strip reader, writer and encoder and approximately 13 plastic gift cards which were illicitly encoded credit card information.

oo. On or about November 4, 2019, defendant **DARRELL TOSHE WHITE**, while at the UDF Store located at 2200 E. Dorothy Lane, Kettering, Ohio 45429 possessed 12 gift and credit cards each of which were illicitly encoded with credit card information.

pp. On or about November 14, 2019, defendant **TYSON KENNETH THOMAS**, while at the UDF Store located at 2200 E. Dorothy Lane, Kettering, Ohio 45429 possessed 26 gift cards each of which were illicitly encoded with credit card information.

qq. On or about April 28, 2020, defendant **DARRELL TOSHE WHITE**, while at 364 Delaware Avenue, Apt. 1, Dayton, Ohio 45405 possessed a magnetic strip reader, writer and encoding device.

All in violation of 18 U.S.C. §§ 371 and 1029(b)(2).

## COUNT 2
[18 U.S.C. §§ 1029(a)(1) and 2]

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendants **KEVIN EARL ALEXANDER, JR.** and **DEMETRIUS HICKS** knowingly and with intent to defraud, produced, used and trafficked in one or more counterfeit access devices as defined in 18 U.S.C. § 1029(e)(2), and thereby affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(1) and 2.

8

## COUNT 3
**[18 U.S.C. §§ 1029(a)(2) and 2]**

Beginning on an exact date unknown but at least by on or about August 16, 2018 and continuing through August 15, 2019, in the Southern District of Ohio and elsewhere, defendants **KEVIN EARL ALEXANDER, JR.** and **DEMETRIUS HICKS** knowingly and with intent to defraud, trafficked in and used one or more unauthorized access devices as defined in 18 U.S.C. § 1029(e)(3), and thereby affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2.

## COUNT 4
**[18 U.S.C. § 1029(a)(3)]**

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendant **KEVIN EARL ALEXANDER, JR.** knowingly and with intent to defraud, possessed fifteen or more counterfeit and unauthorized access devices as defined in 18 U.S.C. §§ 1029(e)(2) and (e)(3), and thereby affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3).

## COUNT 5
**[18 U.S.C. § 1029(a)(3)]**

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendant **DEMETRIUS HICKS** knowingly and with intent to defraud, possessed fifteen or more counterfeit and unauthorized access devices as defined in 18 U.S.C. §§ 1029(e)(2) and (e)(3), and thereby affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3).

## COUNT 6
## [18 U.S.C. § 1029(a)(4)]

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendant **KEVIN EARL ALEXANDER, JR.** knowingly and with intent to defraud, produced, trafficked, had custody and control of, and possessed certain device making equipment as defined in 18 U.S.C. § 1029(e)(6), and thereby affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(4).

## COUNT 7
## [18 U.S.C. § 1029(a)(4)]

Beginning on an exact date unknown but at least by on or about October 27, 2019, in the Southern District of Ohio and elsewhere, defendant **TYSON KENNETH THOMAS** knowingly and with intent to defraud, produced, trafficked, had custody and control of, and possessed certain device making equipment as defined in 18 U.S.C. § 1029(e)(6), and thereby affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(4).

## COUNT 8
## [18 U.S.C. § 1029(a)(4)]

Beginning on an exact date unknown but at least by on or about April 28, 2020, in the Southern District of Ohio and elsewhere, defendant **DARRELL TOSHE WHITE** knowingly and with intent to defraud, produced, trafficked, had custody and control of, and possessed certain device making equipment as defined in 18 U.S.C. § 1029(e)(6), and thereby affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(4).

## COUNT 9
[18 U.S.C. § 1028A(a)(1)]

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendant **KEVIN EARL ALEXANDER, JR.** did, without lawful authority, knowingly possess a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit: a unique electronic identification number and access device of an individual whose full identity is known to the Grand Jury, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(4), to wit, Access Device Fraud in violation of 18 U.S.C. §§ 1029(a)(1), (a)(2), (a)(3), and (a)(4) as previously alleged in this Indictment, which is incorporated herein by reference.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT 10
[18 U.S.C. § 1028A(a)(1)]

Beginning on an exact date unknown but at least by on or about February 24, 2018 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, defendant **DEMETRIUS HICKS** did, without lawful authority, knowingly possess a means of identification of another person, as defined in 18 U.S.C. § 1028(d)(7), to wit: a unique electronic identification number and access device of an individual whose full identity is known to the Grand Jury, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(4), to wit, Access Device Fraud in violation of 18 U.S.C. §§ 1029(a)(1), (a)(2), (a)(3), and (a)(4) as previously alleged in this Indictment, which is incorporated herein by reference.

All in violation of 18 U.S.C. § 1028A(a)(1).

# COUNT 11
## [18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about July 1, 2019, in the Southern District of Ohio, defendant **DEMETRIUS HICKS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm to wit, a .Springfield Armory XD-45ACP, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offenses set forth in Counts 1 through 8 of this Indictment, defendants **KEVIN EARL ALEXANDER, JR., DEMETRIUS HICKS, TYSON KENNETH THOMAS, DARRELL TOSHE WHITE,** and **ISAIAH COOPER** shall forfeit to the United States: (A) pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation(s); and (B) pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense(s). The property includes but is not limited to:

Kevin Earl Alexander, Jr.

- 2013 Dodge Charger, white, displaying Ohio registration HSP 9714, VIN: 2C3DXBG3CH298133;

- 2006 Chrysler 300, silver, displaying Ohio registration HRX 5310, VIN: 2C3LK53G36H47374;
- $380.00 in U.S. Currency;

- Apple iPhone X, IMEI: 356724083168869;

- MSR605X, A118111140216;

- Magnetic Card Reader 605X, A517128703;

Demetrius Hicks

- 2001 Oldsmobile Alero, green, displaying Ohio registration HNE7503, VIN: 1G3NL52TX1C259287;

- $332.00 in U.S. Currency;

- HP ProBook 4430s, Serial No. CNU2103S8V, Product Key: TKF88-XKRPH-KQYM7-2C2FC;

- Apple iPhone 7, Model: A1549, FCC ID: BCG-E2816A, IC: 579C-E2816A, IMEI: 359304069648379;

- Samsung, Model: SM-J327T, IMEI: 359214/09/127082/1;

- Apple iPhone XR, Model: A 1984, IMEI: 357340091266428;

- Apple iPhone XR, IMEI: 353064107352048;

- Springfield Armory XD-45ACP Handgun, Serial No. GM448435, with any attachments and ammunition

Darrell Toshe White

- Silver iPhone 6S, IMEI: 356990069097782, Model: A1549, FCC ID: BCG-E2816A; and

- Black iPad, Serial No. F4KIN8NAF196, Model: A1455, FCC ID: BCGA 1455

- Magnetic Card Reader 605X, A517053702;

Tyson Kenneth Thomas

* Magnetic Card Reader X6 BT, 0180416501.

**FORFEITURE ALLEGATION 2**

Upon conviction of Count 11 of this Indictment, defendant **DEMETRIUS HICKS** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation, including but not limited to a Springfield Armory, XD-45ACP Handgun, Serial No. GM448435, with any attachments and ammunition.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), 18 U.S.C. § 1029(c)(2), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

/s/
FOREMAN

DAVID M. DEVILLERS
United States Attorney

*Dwight K. Keller*
DWIGHT K. KELLER (0074533)
Assistant United States Attorney